**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LATINA WILLIAMS, TAJNIA GLASPIE, & DARRYAH GARNER, | |
| PLAINTIFFS, | Case No. 23-cv-2994 |
| v. | Judge Lindsay C. Jenkins |
| OFFICER JUAN GALI #12394, OFFICER XAVIER CHISM #12911, OFFICER MCCLAIN #15817, OFFICER LAGUNAS #9916, OFFICER KARUNTZOS #851, OFFICER ANDREWS #11584, OFFICER VINCENT #15162, OFFICER KELLY #16411, OFFICER TURNER II #16484, OFFICER NUNEZ #2056, OFFICER TRIANTAFILLO #264, OFFICER KUBIK #3171, OFFICER LOFGREN #3600, OFFICER RODARTE #5319, OFFICER ROJAS #932, OFFICER MCDONAGH #2205, OFFICER DELUNA #2845, OFFICER CINTRON #3955, OFFICER GARZA #18948, OFFICER HARRIS #2900, OFFICER BISHOP #14609, OFFICER BAKER #19740, OFFICER CHAPA #16572, OFFICER GOLDER #9992, OFFICER GUZMAN #15911, OFFICER HASAN #8454, OFFICER MURARSHEED #17146, OFFICER REESE #19182, OFFICER ARMANDO #15050, OFFICER CURET #11030, OFFICER HUNT #17310, OFFICER MEEKS #16730, OFFICER RANKIN #13982, OFFICER ROLDAN #12457, OFFICER ALANIZ #5589, OFFICER BALLING #15992, OFFICER BRIONES #19024, OFFICER DILLARD #7423, OFFICER GARRIDO #6946, OFFICER ORTA #11485, OFFICER TRAPP #8473, OFFICER ARCE #9519, OFFICER TORRES #13067, OFFICER MARTINEZ #12428, OFFICER MOORE #10785, OFFICER PACHECO #17743, OFFICER RHOES #12625, OFFICER RODRIGUEZ #9327, | Magistrate Judge M. David Weisman |

1

| | |
|---|---|
| CITY OF CHICAGO and UNKNOWN DEFENDANT CHICAGO POLICE OFFICERS,<br>              DEFENDANTS. | |

## CORRECTED SECOND AMENDED COMPLAINT AT LAW

NOW COMES the PLAINTIFFS, LATINA WILLIAMS, TAJNIA GLASPIE, and DARRYAH GARNER (collectively "PLAINTIFFS"), by and through their attorney, Blake Horwitz, Esq., of The Blake Horwitz Law Firm, Ltd., and complaining of OFFICER JUAN GALI #12394, OFFICER XAVIER CHISM #12911, OFFICER MCCLAIN #15817, OFFICER LAGUNAS #9916, OFFICER KARUNTZOS #851, OFFICER ANDREWS #11584, OFFICER VINCENT #15162, OFFICER KELLY #16411, OFFICER TURNER II #16484, OFFICER NUNEZ #2056, OFFICER TRIANTAFILLO #264, OFFICER KUBIK #3171, OFFICER LOFGREN #3600, OFFICER RODARTE #5319, OFFICER ROJAS #932, OFFICER MCDONAGH #2205, OFFICER DELUNA #2845, OFFICER CINTRON #3955, OFFICER GARZA #18948, OFFICER HARRIS #2900, OFFICER BISHOP #14609, OFFICER BAKER #19740, OFFICER CHAPA #16572, OFFICER GOLDER #9992, OFFICER GUZMAN #15911, OFFICER HASAN #8454, OFFICER MURARSHEED #17146, OFFICER REESE #19182, OFFICER ARMANDO #15050, OFFICER CURET #11030, OFFICER HUNT #17310, OFFICER MEEKS #16730, OFFICER RANKIN #13982, OFFICER ROLDAN #12457, OFFICER ALANIZ #5589, OFFICER BALLING #15992, OFFICER BRIONES #19024, OFFICER DILLARD #7423, OFFICER GARRIDO #6946, OFFICER ORTA #11485, OFFICER TRAPP #8473, OFFICER ARCE #9519, OFFICER TORRES #13067, OFFICER MARTINEZ #12428, OFFICER MOORE #10785, OFFICER PACHECO #17743, OFFICER RHOES #12625, OFFICER RODRIGUEZ #9327, UNKNOWN DEFENDANT CHICAGO

2

POLICE OFFICERS (collectively "DEFENDANT OFFICERS"), and the CITY OF CHICAGO ("CITY"), state as follows:

## JURISDICTION

1. This is an action for damages brought pursuant to 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); and the Constitution of the United States.

2. Pendent and supplementary jurisdiction as to PLAINTIFFS' state law claims are invoked pursuant to 28 U.S.C. § 1367.

3. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b), as the event complained of occurred exclusively in this District.

## PARTIES

4. PLAINTIFF LATINA WILLIAMS is a resident of the State of Illinois and citizen of the United States.

5. PLAINTIFF TAJNIA GLASPIE is a resident of the State of Illinois and citizen of the United States.

6. PLAINTIFF DARRYAH GARNER is a resident of the State of Illinois, citizen of the United States, and reached the age of majority on February 27, 2023.

7. PLAINTIFF DARRYAH GARNER is the son of PLAINTIFF LATINA WILLIAMS.

8. On or about September 8, 2021, PLAINTIFF DARRYAH GARNER was a minor child.

9. PLAINTIFF TAJNIA GLASPIE is the daughter of PLAINTIFF LATINA WILLLIAMS.

10. At all relevant times, the DEFENDANT OFFICERS were acting under the color of law, within their individual capacity, and in the scope of their employment with DEFENDANT CITY.

11. When the DEFENDANT OFFICERS engaged in the conduct alleged in this Second Amended Complaint, they were acting in the course and scope of their employment, while on duty, and as agents of DEFENDANT CITY.

12. At all times material to this Second Amended Complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom, and usages of DEFENDANT CITY.

13. DEFENDANT CITY is a duly incorporated municipal corporation. At all times material and relevant hereto, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom, and usages of the DEFENDANT CITY.

**FACTS**

14. On or about September 8, 2021, PLAINTIFFS LATINA WILLIAMS and TAJNIA GLASPIE were inside a vehicle parked on a street in Chicago.

15. On or about September 8, 2021, PLAINTIFF DARRYAH GARNER was walking from PLAINTIFFS' home toward the parked vehicle containing PLAINTIFFS LATINA WILLIAMS and TAJNIA GLASPIE.

16. On or about September 8, 2021, unmarked Chicago Police vehicles pulled up to the vehicle containing PLAINTIFFS LATINA WILLIAMS and TAJNIA GLASPIE.

17. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE exited their vehicles with their firearms drawn.

18. DEFENDANT OFFICERS, JUAN GALI's, XAVIER CHISM's and RODARTE's firearms were long guns.

19. Other DEFENDANT OFFICERS' firearms were long guns.

20. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE forced PLAINTIFFS LATINA WILLIAMS and TAJNIA GLASPIE out of the vehicle at gun point.

21. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE pointed their firearms at PLAINTIFFS.

22. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE forced PLAINTIFF LATINA WILLIAMS to the ground.

23. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE forced PLAINTIFF TAJNIA GLASPIE to the ground.

24. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE forced PLAINTIFF DARRYAH GARNER to the ground.

25. DEFENDANT OFFICER RODARTE put his hands on PLAINTIFFS without their consent.

26. DEFENDANT OFFICER RODARTE searched PLAINTIFFS.

27. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE detained PLAINTIFFS, causing them not to move, at gun point.

28. PLAINTIFFS were not free to leave as DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE pointed their guns at PLAINTIFFS' persons while they were lying on the ground.

29. PLAINTIFFS did not resist DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE.

30. PLAINTIFFS complied with DEFENDANT OFFICERS, JUAN GALI's, XAVIER CHISM's and RODARTE's commands.

31. PLAINTIFFS were not physically resisting DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE at any time.

32. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE use of force was unreasonable.

33. DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, and MCDONAGH, and had a reasonable opportunity to prevent other DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE use of force.

34. DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ and MCDONAGH, had a reasonable opportunity to prevent the other remaining DEFENDANT OFFICERS' use of force and false arrest and failed to do so.

35. DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO,

KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ and MCDONAGH, had a reasonable opportunity to prevent the other remaining DEFENDANT OFFICERS' use of force and false arrest and failed to do so.

36. DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE searched the vehicle that PLAINTIFFS LATINA WILLIAMS and TAJNIA GLASPIE were sitting in without their consent.

37. PLAINTIFFS, on the date of this alleged occurrence, were charged with no crimes.

38. Within one hour prior to the detention of PLAINTIFFS by DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE, no DEFENDANT OFFICERS saw a PLAINTIFF commit an act that DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE believed to be a crime.

39. Within one hour prior to the detention of PLAINTIFFS by DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE, no DEFENDANT OFFICERS saw a PLAINTIFF commit an act that DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE believed to be an act that violated the law of the State of Illinois.

40. Within one hour prior to the detention of PLAINTIFFS by the DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE, no DEFENDANT OFFICERS saw a PLAINTIFF commit an act that DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE believed to be an act that violated the law of DEFENDANT CITY.

41. Within one hour prior to the detention of PLAINTIFFS by DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE, no DEFENDANT OFFICERS saw a PLAINTIFF commit an act that DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE believed to be an act that violated federal law.

42. At no time did DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE communicate to other DEFENDANT OFFICERS that a PLAINTIFF violated a state, federal, and/or municipal law.

43. Prior to the detention of any PLAINTIFFS, the answering DEFENDANT OFFICER[1] was not aware of any action committed by any PLAINTIFF which gave rise to what the answering DEFENDANT OFFICER personally believed amounted to probable cause for arrest on September 8, 2021.

44. On September 8, 2021, prior to the detention of any PLAINTIFFS, the answering DEFENDANT OFFICER was not aware of any action committed by any PLAINTIFF which gave rise to what the answering DEFENDANT OFFICER personally believed amounted to a reason for a *Terry* stop.

45. During the events described herein, DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ and MCDONAGH failed to intervene, having

---

[1] "Answering DEFENDANT OFFICER" means the Defendant who is answering this Complaint.

a reasonable opportunity to do so, to prevent the unconstitutional infliction of excessive force to which PLAINTIFFS were being subjected to by DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE and another officer who is unknown at the present time.

46. As a direct and proximate result of the failure of DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ and MCDONAGH to intervene on PLAINTIFF's behalf to prevent the unconstitutional misconduct against them, despite the clear need and reasonable opportunity to do so, PLAINTIFFS have and will continue to suffer injuries of a personal, emotional, and pecuniary nature.

47. During the events described herein, DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ and MCDONAGH failed to intervene to prevent the unconstitutional searches and seizures of PLAINTIFFS' property.

48. As a direct and proximate result of the failure of DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ and MCDONAGH to intervene on PLAINTIFFS' behalf to prevent the unconstitutional misconduct against them despite the clear need and reasonable opportunity to do so, PLAINTIFFS have and will continue to suffer injuries of a personal, emotional, and pecuniary nature.

49. DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ, MCDONAGH, JUAN GALI, XAVIER CHISM and RODARTE were trained at the Chicago Police Academy concerning what is required to effectuate a *Terry* stop.

50. DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO,

10

ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ, MCDONAGH, JUAN GALI, XAVIER CHISM and RODARTE were trained at the Chicago Police Academy concerning the meaning of probable cause for arrest.

51. At no time did any DEFENDANT OFFICER generate a document or a writing prior to the filing of this lawsuit regarding the reason for the detention of PLAINTIFFS on September 8, 2021.

52. Prior to September 8, 2021, DEFENDANT OFFICERS, MCCLAIN, LAGUNAS, KARUNTZOS, ANDREWS, VINCENT, KELLY, TURNER II, DELUNA, NUNEZ, TRIANTAFILLO, KUBIK, LOFGREN, ROJAS, CINTRON, GARZA, HARRIS, BISHOP, BAKER, CHAPA, GOLDER, GUZMAN, HASAN, MURARSHEED, REESE, ARMANDO, CURET, HUNT, MEEKS, RANKIN, ROLDAN, ALANIZ, BALLING, BRIONES, DILLARD, GARRIDO, ORTA, TRAPP, ARCE, TORRES, MARTINEZ, MOORE, PACHECO, RHOES, RODRIGUEZ, MCDONAGH, JUAN GALI, XAVIER CHISM and RODARTE were trained that when an arrest is effectuated by a Chicago Police officer, document(s) must be generated that provide(s) information regarding the individuals being arrested (for example, name, address and other identifying information).

<u>COUNT I</u><br>
<b>Fourth Amendment – Excessive Force</b><br>
<b>(Against ALL DEFENDANT OFFICERS)</b>

53. PLAINTIFFS re-allege paragraphs 1-52 as fully set forth above.

54. DEFENDANT OFFICERS, including JUAN GALI's, XAVIER CHISM's and RODARTE's actions in using excessive force unto PLAINTIFFS amounted to an unreasonable seizure of PLAINTIFFS in violation of the Fourth Amendment to the United States Constitution.

55. The aforementioned actions of DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above and caused PLAINTIFFS to suffer physical injury, pain and suffering, humiliation, and emotional distress.

WHEREFORE, PLAINTIFFS respectfully request that this Court award PLAINTIFFS compensatory damages, punitive damages, costs, and attorneys' fees, as well as any other relief this Court deems just and equitable.

## COUNT II
### Fourth Amendment Unlawful Seizure Pursuant to 42 U.S.C. § 1983
### (Against All DEFENDANT OFFICERS)

56. PLAINTIFFS re-allege paragraphs 1-52 as fully set forth above.

57. DEFENDANT OFFICERS violated PLAINTIFFS' clearly established constitutional right to be free from unlawful searches and seizures.

58. The conduct of DEFENDANT OFFICERS alleged above violated the Fourth Amendment to the United States Constitution.

59. The aforementioned actions of DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above, and PLAINTIFFS suffered damages.

WHEREFORE, PLAINTIFFS respectfully request that this Honorable Court enter judgment in favor of PLAINTIFFS and against DEFENDANT OFFICERS and award compensatory damages, punitive damages, court costs, attorneys' fees, and such other relief that this Honorable Court deems just and equitable.

## COUNT III
### False Arrest – State Claim
### (PLAINTIFF DARRYAH GARNER against DEFENDANT OFFICERS)

60. PLAINTIFF DARRYAH GARNER re-alleges paragraphs 1-52 as fully set forth above.

61. DEFENDANT OFFICERS caused DARRYAH GARNER to be arrested within the meaning of the law of the State of Illinois in that DARRYAH GARNER was not free to leave while he was forced to lay on the ground with JUAN GALI, XAVIER CHISM and RODARTE pointing their guns at him.

62. The aforementioned actions of DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF DARRYAH GARNER respectfully requests that this Court enter judgment against DEFENDANT OFFICERS compensatory damages, punitive damages, as well as any other relief that this Court deems just and equitable.

## COUNT IV
### Assault/Battery – State Claim
### (PLAINTIFF DARRYAH GARNER against the DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE)

63. PLAINTIFF DARRYAH GARNER re-alleges paragraphs 1-52 as fully set forth above.

64. DEFENDANT OFFICERS are liable for battery and assault.

65. The aforementioned actions of the DEFENDANT OFFICERS, JUAN GALI, XAVIER CHISM and RODARTE were the direct and proximate cause of the violations set forth above.

13

WHEREFORE, PLAINTIFF DARRYAH GARNER respectfully requests that this Court enter judgment against all DEFENDANT OFFICERS, compensatory damages as well as any other relief that this Court deems just and equitable

## COUNT V
### *Respondeat Superior*
**(PLAINTIFFS against DEFENDANT CITY)**

66. PLAINTIFFS re-allege paragraphs 1-65 as fully set forth above.

67. DEFENDANT CITY is the employer of all DEFENDANT OFFICERS.

68. The aforesaid acts of the DEFENDANT OFFICERS were committed within the scope of their employment and, therefore, DEFENDANT CITY, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT OFFICERS, in their individual capacities, be found liable for any of the alleged state law counts in this cause, PLAINTIFFS demand that, pursuant to the doctrine of *respondeat superior*, DEFENDANT CITY pay any judgment obtained against any of the DEFENDANT OFFICERS.

## COUNT VI
### Indemnification Claim Pursuant to 745 ILCS 10/9-102
**(PLAINTIFFS against DEFENDANT CITY)**

69. PLAINTIFFS reallege paragraphs 1-65 set forth above.

70. DEFENDANT CITY is the employer of all DEFENDANT OFFICERS alleged above.

71. DEFENDANT OFFICERS, as alleged above, committed the acts under color of law in the scope of their employment by DEFENDANT CITY.

72. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, DEFENDANT CITY is liable for any judgments for compensatory damages arising from DEFENDANT OFFICERS' actions.

WHEREFORE, should the DEFENDANT OFFICERS in their individual capacities, be found liable for any of the alleged counts in this cause, PLAINTIFFS demand that, pursuant to 745 ILCS 10/9-102, DEFENDANT CITY pay any judgement obtained against any of the DEFENDANT OFFICERS.

## JURY DEMAND

The PLAINTIFFS demand trial by jury.

Respectfully Submitted,

*s/ Blake Horwitz*
Plaintiffs' Attorney

**The Blake Horwitz Law Firm, Ltd.**
111 W. Washington, Suite 1611
Chicago, Illinois 60602
Phone: (312) 676-2100
Fax: (312) 445-8741
bhorwitz@bhlfattorneys.com